United States District Court
Southern District of Texas
**ENTERED**
February 28, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| JUAN JOSE LOPEZ, § | |
| TN: JUAN JOSE LOPEZ, JR., § | |
| Petitioner, § | |
| § | |
| VS. § | 5:21-CV-00078 |
| § | |
| BOBBY LUMPKIN, § | |
| Respondent. | |

# REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is petition for a writ of habeas corpus under 28 U.S.C. § 2254 by Petitioner Juan Jose Lopez, Jr., an inmate in Texas custody seeking a reduced sentence. (Dkt. No. 1.) He proceeds *pro se* and has paid the $5 civil filing fee. Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to the undersigned Magistrate Judge by the District Court for consideration and submission of proposed findings of fact and recommendations. The Court has carefully reviewed all pertinent matters in this case. Based on this review and the application of the governing legal authorities, The Court **RECOMMENDS** that Petitioner's Motion be **DENIED WITH PREJUDICE**.

### I.     PROCEDURAL HISTORY

Petitioner Juan Jose Lopez, Jr. (TDCJ # 1971824) challenges his 50-year sentence for his conviction for murder, aggravated kidnapping, and organized crime. A jury found him guilty on October 31, 2014, in the 111th Judicial District of Webb County, Texas, and he has spent the past seven years seeking relief from this judgment. The pending motion is his third attempt at habeas relief, albeit the first one brought in federal court.

Petitioner appealed the judgment to Texas's 13th Court of Appeals on the grounds of sufficiency of the evidence, charge error, and the denial of a suppression motion, and the court affirmed the judgment on March 9, 2017. (*Id.* at 3.) Petitioner then sought review on the same issues in Texas's highest criminal court, the Court of Criminal Appeals, which denied review without written order on June 14, 2017. (*Id.* at 3-4.) He did not file a petition for certiorari in the U.S. Supreme Court. (*Id.* at 4.)

Petitioner subsequently filed two petitions for writ for habeas corpus in the Court of Criminal Appeals pursuant to Article 11.07 of the Texas Code of Criminal Procedure. The first petition (WR-89, 095-2) was filed in March 2019 on the grounds of ineffective assistance of counsel and sufficiency of the evidence.[1] An evidentiary hearing was held. (*Id.*) On May 4, 2020, the Court of Criminal Appeals denied Petitioner relief. (*Id.* at 5.) In July 2020, he filed a second petition for a writ of habeas corpus in the Court of Criminal Appeals (WR-89, 095-3) on the grounds of insufficiency of evidence given a "new scientific DNA calibration that was unavailable at trial," and he also alleged ineffective assistance of counsel at the evidentiary hearing. (*Id.*) He did not receive a hearing on these issues, and the court dismissed the petition on October 5, 2020. (*Id.*)

He petitioned for a writ of habeas corpus under 28 U.S.C. § 2254 in the Southern District of Texas, Laredo Division, on July 26, 2021. He asserts the same grounds for relief as in his prior state court habeas corpus petitions: insufficiency of evidence given updated DNA recalibration guidelines, and ineffective assistance of counsel at the evidentiary hearing.

---

[1] On March 8, 2016, Petitioner received a letter from Webb County's District Attorney informing him that the recalibration standards for DNA evidence at the Bexar County Lab, where the DNA evidence was processed, had changed. (Dkt. No. 1-1 at 1.) The letter stated that "[b]ecause of those changes, there are some interpretation differences in the attached supplemental report…" (*Id.*)

## II.     DISCUSSION

### a.  Action Barred by Statute of Limitations

A Court "must dismiss" a habeas petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Here, the petition is untimely, and therefore the undersigned judge recommends dismissal with prejudice.

Under the Anti-Terrorist and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner who seeks habeas relief must file the petition within one year after their conviction or sentence becomes final. *See* 28 U.S.C. § 2244(d). A judgment of conviction becomes final upon the conclusion of direct review or the expiration of the time for seeking such review. "A Texas prisoner's conviction is considered final for AEDPA purposes 90 days after the Texas Court of Criminal Appeals denies a petition for discretionary review," so long as the prisoner does not file a petition for certiorari with the U.S. Supreme Court. *Foreman v. Dretke,* 383 F.3d 336, 340 (5th Cir. 2004). While the Supreme Court has held that "the date on which the judgment became final" can be postponed by a state court's decision during collateral review to grant a petitioner the right to file an out-of-time direct appeal, here, Petitioner did not seek an out-of-time direct appeal while his state petitions were pending. *Jimenez v. Quarterman*, 555 U.S. 113, 115 (2009). Petitioner's criminal judgment was entered on October 31, 2014, and the Court of Criminal Appeals denied review on June 14, 2017. He did not file a petition for certiorari with the U.S. Supreme Court. Accordingly, the judgment became final on September 15, 2017, and Petitioner's one-year limitation on his sufficiency of evidence claim expired on September 16, 2018.

The statute of limitations may also begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244(d)(1)(A), (D). Petitioner asserts ineffective assistance of counsel during the Court of Criminal Appeals' evidentiary hearing, which was held on January 31, 2020. (Dkt. No. 1-2, Ex. B.) Therefore, he had one year to raise his claim on alleged deficiencies in his counsel's performance. The statute of limitations on that claim expired, therefore, on January 31, 2021.

### b. No Equitable Tolling

Equitable tolling is available in limited circumstances to "preserve a [party's] claims when strict application of the statute of limitations would be inequitable." *Lambert v. United States,* 44 F.3d 296, 298 (5th Cir. 1995). The Fifth Circuit has approved of equitable tolling in very limited circumstances, "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir. 2002). Equitable tolling is not available if a habeas petitioner has not "diligently pursue[d] his § 2254 relief." *Coleman v. Johnson,* 184 F.3d 398, 403 (5th Cir. 1999). Here, Petitioner has not asserted any rare or exceptional circumstances that would warrant equitable tolling. The letter regarding DNA recalibration was sent to Petitioner on March 8, 2016, and so he had nearly five years to pursue his Section 2254 claim. Therefore, the Court recommends that Petitioner is not entitled to equitable tolling.

### c. No Show of Actual Innocence

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass… through procedural bars," such as an expired statute of limitation. *McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013). Yet "tenable actual-innocence gateway pleas are rare." *Id*. The Supreme Court set out the standard for actual innocence in *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Under *Schlup,* a Petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. This standard is

"demanding and permits review only in the 'extraordinary case.'"  *House v. Bell*, 547 U.S. 518, 538 (2006).  "District courts are directed not to substitute their own judgments as to whether there is a reasonable doubt; the standard requires the district court to 'make a probabilistic determination about what reasonable, properly instructed jurors would do.'"  *Bosley v. Cain*, 409 F.3d 657, 662 (5th Cir. 2005).  Here, the new evidence presented by Petitioner is not exculpatory.  The Bexar County's Criminal Investigation Laboratory Forensic DNA Report concludes that "based upon these analyses, Juan Jose Lopez is not excluded as a source of the human DNA identified on the cutting #1 from [the victim's] shorts."  (Dkt. No. 1-1 at 3.)  Because Petitioner is not excluded as a source of the DNA found on the victim's clothing, the undersigned concludes that a reasonable juror could have convicted him.  Therefore, the Court recommends declining to apply the "actual innocence" exception to the expired statute of limitations.

### III.  RECOMMENDATION

Because Petitioner's claims are barred by the statute of limitations, and there appears to be no exceptions or bases for tolling, the undersigned Magistrate Judge **RECOMMENDS** that Petitioner's Motion to Vacate (Dkt. No. 1) be **DISMISSED WITH PREJUDICE**.  Because the Court finds that Petitioner's Motion makes no substantial showing of the denial of a constitutional right and that any appeal would not be taken in good faith, the undersigned further **RECOMMENDS** that a certificate of appealability be **DENIED** and certify that any appeal should not be taken *in forma pauperis*.

IT IS SO RECOMMENDED.
Signed on February 28, 2022, at Laredo, Texas.

_____
DIANA SONG QUIROGA
UNITED STATES MAGISTRATE JUDGE

**NOTICE OF RIGHT TO OBJECT**

Petitioner may file objections to this Report and Recommendation. Objections to any part of this Report and Recommendation must be specific written objections filed within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

The Clerk of Court is **DIRECTED** to send a copy of this Report and Recommendation to Petitioner by any receipted means.